*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEW JERSEY*
*CLARKSON S. FISHER FEDERAL BUILDING*
*UNITED STATES COURTHOUSE*
*402 EAST STATE STREET*
*TRENTON, NEW JERSEY 08608*

*KATHRYN C. FERGUSON, USBJ*                                                                                                              *(609) 989-0494*

August 4, 2010

Clement Farley, Esquire                          Douglas J. McGill, Esquire
McCarter and English                             Law Office of Douglas J. McGill, LLC
Four Gateway Center                              382 Springfield Avenue, Suite 217
100 Mulberry Street                              Summit, New Jersey 07901
Newark, New Jersey 07102

                              Re:     Solomon Dwek
                                          Lead Case No. 07-11757
                                          **Document No. 5924 & 6036**

                                            (Corbett Holdings I, LLC
                                            Case No. 09-18421)

                                            (Ocean Circle Holdings, LLC
                                            Case No. 09-40969)

                                            Charles A. Stanziale, Jr. vs.
                                            Barry Kantrowitz, Barry Associates, LLC., and
                                            Barry Associates Title Agency, LLC,
                                            Adversary No. 09-1233
                                            **Document No. 30 & 31**

Dear Counsel:

      After taking oral argument on July 12, 2010, the Court reserved decision on the following four motions: 1) Motion to Dismiss Chapter 11 cases of Corbett Holdings I, LLC and Ocean Circle Holdings, LLC; 2) Cross-Motion to extend the proceedings to consolidate Corbett Holdings I, LLC and Ocean Circle Holdings, LLC (collectively "LLCs") with the Solomon Dwek estate; 3) Motion

for judgment on the pleadings; and 4) Cross-Motion to amend the complaint. The Court has considered the oral argument and the numerous written submissions.

The Court will begin its analysis with the two motions that were filed in the main bankruptcy case. On April 3, 2009, Solomon Dwek ("Dwek") filed a chapter 11 case on behalf of Corbett Holdings I, LLC. On November 17, 2009, Dwek filed a chapter 11 case on behalf of Ocean Circle Holdings, LLC. Barry Kantrowitz ("Kantrowitz") filed a motion to dismiss the Chapter 11 cases of both LLCs pursuant to 11 U.S.C. § 1112(b)(1). Kantrowitz asserts that at the time the involuntary chapter 7 petition was filed against Dwek, he and Dwek were the only members of the LLCs. Kantrowitz asserts that under New Jersey law, Dwek did not have the authority to file voluntary bankruptcy petitions for the LLCs, therefore, the filings were unauthorized and must be dismissed.

Before the Court could rule on that legal issue, however, it would have to make the threshold determination of whether Kantrowitz has an actual interest in the LLCs. If, as the Trustee urges, the Court were to determine that Kantrowitz has no interest, then he would have no standing to bring the motion to dismiss. Further complicating the matter is the fact that the Trustee filed an alternative cross-motion to consolidate the LLCs with the Solomon Dwek bankruptcy estate. If this Court were to conclude that there are grounds to substantively consolidate the Dwek bankruptcy proceeding with the assets of the LLCs pursuant to 11 U.S.C. § 105(a), then the motion to dismiss the LLCs would be moot. Also, the Second Amended Chapter 11 Plan of Liquidation that was confirmed provides that the question of the substantive consolidation of the Dwek estate and LLC estates will be determined in the Kantrowitz adversary proceeding. *Second Amended Chapter 11 Plan* at 25.

Given the interrelated nature of issues in the adversary proceeding and the main bankruptcy cases and the fact that significant factual disputes exist with regard to the ownership of the LLCs,

the Court has determined that the most efficient course of action will be to have that dispute determined as part of Stanziale v. Kantrowitz, et al., Adv. Pro. 09-1233. Therefore, it will deny the Cross-Motion to consolidate and allow the Trustee to amend his complaint to include a count for substantive consolidation. It will also deny the motion to dismiss without prejudice to Kantrowitz's right to pursue dismissal should he be successful in the adversary proceeding.

Next, the Court will address the two motions filed in the adversary proceeding. [Adv. Pro. 09-1233]. Kantrowitz moves for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. That rule, made applicable in bankruptcy through Fed. R. Bankr. Pro. 7012, provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Because such motions are made prior to discovery, federal courts apply a strict standard to ensure "each litigant a full and fair hearing on the merits of his or her claim or defense." Wright & Miller, 5C Fed. Prac. & Proc. § 1368 (3d ed. rev. 2010). When considering a judgment on the pleadings:

> A judge should not rebuff a litigant's effort to supplement the complaint or provide legal argument in support of the suit. Because complaints need not articulate legal theories, and because the skeletal presentation in a notice pleading may be fleshed out later, a decision without giving plaintiff the opportunity to argue or augment his position is premature.

Johnson v. Revenue Management corp., 169 F.3d 1057 (7th Cir. 1999) (internal citation omitted).

The Third Circuit has recently summarized the applicable standard as:

> Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

Andela v. The American Ass'n For Cancer Research, 2010 WL 2893625, 2 (3d Cir. 2010) (quoting

Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

The legal standard governing a Rule 12(c) motion on the pleadings is similar to the standard under Rule 12(b)(6) to the extent that the court must accept as true the facts pled in the complaint, Sprill v. Gillis, 372 F.3d 218 (3d Cir. 2004); However, there is the additional requirement that the movant must clearly establish that no material fact remains to be resolved. A material issue of fact that would defeat a Rule 12(c) motion can be found if there is "an express conflict on a particular point between the parties' respective pleadings" or if the defendant pleads new matters or affirmative defenses in his answer. Wright & Miller, 5C Fed. Prac. & Proc. § 1368 (3d ed. rev. 2010).

Under the stringent standard for motions on the pleadings, the Court cannot grant Kantrowitz's motion for judgment on the pleadings. The answer filed by the Kantrowitz defendants flatly denies virtually every allegation in the complaint. *See*, Defendants' Amended Answer and Affirmative Defenses [Doc. No. 29] That alone prevents this Court from granting the motion. *See*, Wright & Miller, 5C Fed. Prac. & Proc. § 1368 (3d ed. rev. 2010) (material dispute "may be framed by an express conflict on a particular point between the parties' respective pleadings."). In addition, the Kantrowitz defendants' affirmative defenses establish material factual disputes. For example, the Second Affirmative Defense states that "Corbett Holdings I, LLC received reasonably equivalent value from Kantrowitz for his 25% interest in it." That is in direct conflict with the allegation in the complaint that "Kantrowitz did not provide reasonably equivalent value to Dwek for the capital contributions to Corbett Holdings made on his behalf by Dwek." *Amended Complaint* ¶ 23. In the face of such obvious factual disputes, the Court cannot grant judgment on the pleadings. Although Rule 12(c) makes no provision for the non-moving party to file a motion for leave to amend, courts

have used their discretion to grant such motions when appropriate. *See, e.g.,* Jonhson v. Clovis Unified School Dist., 2007 WL 1456062 (E.D. Cal. 2007). The Court finds that allowing further amendment of the complaint is appropriate here.

The Kantrowitz defendants argue that the Trustee should be barred from amending the complaint to assert contract-based claims based on estoppel, laches, or waiver. Those arguments are rejected based on the reasoning in Krupski v. Costa Crociere, 130 S. Ct. 2485 (2010). In Krupski, the Supreme Court strengthened the policy in favor of allowing liberal amendment of pleadings in order to resolve disputes on their merits. In keeping with that, this Court will grant the Trustee's cross-motion to amend the complaint.

In conclusion, the 1) Motion to Dismiss Chapter 11 cases of Corbett Holdings I, LLC and Ocean Circle Holdings, LLC [07-11757; Doc. No. 5924] is denied; 2) Cross-Motion to extend the proceedings to consolidate Corbett Holdings I, LLC and Ocean Circle Holdings, LLC (collectively "LLCs") with the Solomon Dwek estate [07-11757; Doc. No. 6036] is denied subject to the Trustee's right to amend the complaint to include a count for consolidation; 3) Motion for judgment on the pleadings [09-1233; Doc. No. 30] is denied; and 4) Cross-Motion to amend the complaint is granted [09-1233; Doc. No. 31]. The Court will enter the appropriate orders.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge